ORIGINAL



FILED

09/12/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0082

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0082

IN RE: THE PARENTING OF P.R.F.,

Minor child of

PRESTON ORRIE BALDRY,

Petitioner and Appellant,

and

SHALYNN RAHEL FJELD,

Respondent and Appellee.

ORDER

FILED

SEP 1 2 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

This matter was commenced by the father of P.R.F., Preston Orrie Baldry (Father), to establish a parenting plan with the mother, Shalynn Rahal Fjeld (Mother), for P.R.F. A final parenting plan was adopted by the court in December of 2018 which granted Mother primary custody until P.R.F. reached the age of three years, at which time joint residential conditions would begin. During the interim, however, Father filed a motion to amend the parenting plan alleging Mother had placed P.R.F. in danger when she married a man who had abused her and had also caused injury to P.R.F.

The District Court set a final hearing on Father's motion to amend the parenting plan for July 8, 2022. However, on June 29, 2022, Father filed a motion to have Mother's parental rights to P.R.F. terminated. On January 6, 2022, the District Court entered an order denying Father's motion, concluding that because this was neither a stepparent adoption under Title 42 or a Dependency and Neglect proceeding under Title 41, it had no authority to terminate Mother's parental rights. The District Court set the matter for a case management conference for January 24, 2023. However, the case management hearing was continued because Mother's counsel had to attend a mediation. On February 2, 2023, Father's appeal in this Court was noted. There has been no final determination made or judgment entered in the parenting plan proceeding.

The Montana Rules of Appellate Procedure provide what orders and judgments may be appealed. Rule 6 provides that a party may appeal from a final judgment entered in a district court and from other specifically designated orders. M. R. App. P. 6. An order denying a motion to terminate parental rights in a parenting plan proceeding which remains open without a final parenting plan and judgment entered is not one of the enumerated interlocutory orders from which an appeal may be taken. Additionally, the order from which Father appeals was not certified as final by the District Court pursuant to M. R. App. P. 7 (6) and M. R. Civ. P 54(b). Father may appeal the denial of his motion to terminate Mother's parental rights upon entry of final judgment and adoption of a final parenting plan by the District Court.

Therefore,

IT IS ORDERED that this appeal is dismissed without prejudice *sua sponte* by the Court because the appeal is not from a final judgment.

The Clerk of the Supreme Court is directed to close this case as of this Order's date.

The Clerk is also directed to provide a copy of this Order to all parties of record.

DATED this 12th day of September, 2023.

_____
Chief Justice

_____
_____
_____
_____
Justices

2